FILED
CLERK, U.S. DISTRICT COURT

MAY 27 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MERLIN FACTOR, by and through CASSANDRA HUDSON; ROBERT KOEL, successor-in-interest to Merlin Factor, deceased; and MARA MALONE, successor-in-interest to Merlin Factor, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **5:14-cv-01289-DMG-AGR(x)**<br><br>[Proposed] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT. |

The parties hereto have stipulated and agreed to entry of a Protective Order in this case. A Protective Order shall be entered in this case, with the following terms, conditions, and requirements:

## PROTECTIVE ORDER

1. Certain information, documents, and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include confidential or private information of the party from which the discovery is sought. Information, documents, and other things, which are otherwise not objectionable, shall only be

produced, whether voluntarily or in response to formal discovery, subject to this Protective Order ("Order").

2. Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Highly Confidential – Attorney's Eyes Only" under the terms of this Order. This designation shall be limited to information which the disclosing party in good faith believes contains or reveals private, confidential, proprietary, or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated "Highly Confidential – Attorney's Eyes Only" includes all non-public materials which contain information reflecting or related to: employment files; personnel records; strategies for training or response; trade secrets; proprietary information; studies or analysis by outside expert or investigator; proprietary technical information; financial or tax data; personal financial information; personal information; and documents defined and/or described in California Penal Code sections 832.5, 832.7, and 832.8. A party may designate Discovery Material as "Highly Confidential – Attorney's Eyes Only" that it believes contains or refers to information that, if disclosed, could cause injury to the producing party. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3. Discovery Material that is designated "Highly Confidential – Attorney's Eyes Only," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other

1  purpose whatsoever, including but not limited to the purpose of dissemination to the
2  media or the public, or in connection with any other litigation.
3       4.    Discovery Material designated "Highly Confidential – Attorney's Eyes
4  Only" may be disclosed, summarized, described, characterized or otherwise
5  communicated or made available in whole or in part to the following persons: (a)
6  outside and in-house counsel who represent a party in this litigation, and the regular
7  and temporary employees and service vendors of such counsel assisting in the
8  conduct of the litigator, provided such disclosure may solely be for use in
9  accordance with this Order; (b) clients; (c) potential or active witnesses or deponents
10 and their counsel, during the course of, or, to the extent necessary in preparation for,
11 depositions, testimony or trial in this litigation; (d) experts or consultants, including
12 information technology vendors, and their employees and/or staff members engaged
13 to assist counsel for a party in the litigation; (e) the Court; (f) court reporters
14 employed by the Court or in connection with the litigation; (g) authors or recipients
15 of documents or persons referred to in any document; and (h) any other person only
16 upon order of the Court or upon stipulation of the producing party.
17      5.    Anyone who has agreed to be bound by this agreement and receives
18 "Highly Confidential – Attorney's Eyes Only" discovery material shall be bound by
19 the terms of this agreement concerning the use of these discovery materials.
20      6.    The designation of Discovery Material as "Highly Confidential –
21 Attorney's Eyes Only" shall be so designated by affixing the legend of "Highly
22 Confidential – Attorney's Eyes Only" to each page containing any "Highly
23 Confidential – Attorney's Eyes Only" Discovery Material. Affixing the legend on
24 the cover of any multipage document which is bound, stapled, or otherwise securely
25 attached shall designate all pages of the document as "Highly Confidential –
26 Attorney's Eyes Only," unless otherwise indicated by the producing party. Only
27 those portions of multipage documents that qualify as "Highly Confidential –
28 Attorney's Eyes Only," should be designated as such.

7. If the Disclosing Party inadvertently produces any Highly Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Highly Confidential Information with a proper legend. In that event, the parties receiving the inadvertently produced undesignated Highly Confidential Information will: (1) return the previously produced Highly Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Highly Confidential Information to any person, the party will notify all such persons in writing of the need to return such Highly Confidential Information and not to further disseminate it. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Highly Confidential – Attorney's Eyes Only" for purposes of this order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Highly Confidential – Attorney's Eyes Only" Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential – Attorney's Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Highly Confidential – Attorney's Eyes Only" in the litigation shall be deemed "Highly Confidential – Attorney's Eyes Only" Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. No amendment or modification agreed to by the parties will have the force or effect of a Court order unless the

Court approves it. The provisions of this Protective Order do not apply to trial or other hearings.

9. "Highly Confidential – Attorney's Eyes Only" Discovery Material *, except for Court personnel,* may be provided to persons listed in paragraphs 4 and 5 above, provided that such individuals are using said "Highly Confidential – Attorney's Eyes Only" Discovery Material solely in connection with this litigation and provided further that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A attached hereto.

10. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or in the information contained therein for any purpose, such document or information shall be filed *with an application to file* under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Highly Confidential – Subject to Protective Order dated [insert date of Order]" clearly marked thereon. Any request to file a document under seal must comply with Local Rule 79-5.

11. If the Court grants a party permission to file an item under seal, that party must comply with Local Rule 79-5.

12. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

13. Prior to using "Highly Confidential – Attorney's Eyes Only" Discovery Material in any court proceeding *regarding discovery* in this action, Counsel must first take up with the

judicial officer at the appropriate time how confidential material will be handled in court filings or during court proceedings.

14. (AGR) ~~The~~ Upon agreement of the non-party, the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Highly Confidential – Attorney's Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

15. In the event that additional parties join or are joined in the litigation, they shall not have access to "Highly Confidential – Attorney's Eyes Only" Discovery Material until newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

16. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Highly Confidential – Attorney's Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

17. If any third party serves a subpoena or other process or request seeking to review any information designated as "Highly Confidential – Attorney's Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall allow producing party's counsel to object to the subpoena or other process. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Highly Confidential – Attorney's Eyes Only" Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. Nothing herein shall be construed as requiring a party not to comply with any lawfully issued subpoena or process, absent a court order.

18. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Highly Confidential – Attorney's Eyes Only" Discovery Material except in accordance with the terms of this Order.

19. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

20. This Order shall survive the final termination of this action, to the extent that the information contained in "Highly Confidential – Attorney's Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Highly Confidential – Attorney's Eyes Only" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or received by any person. Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Highly Confidential – Attorney's Eyes Only" Discovery Material, provided that such counsel and employees of such counsel shall

not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Highly Confidential – Attorney's Eyes Only" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Highly Confidential – Attorney's Eyes Only" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with the Court, and this Order shall remain in force with respect to such material.

21. This Agreement shall be binding upon and for the benefit of the undersigned parties, their successors and assigns to the full extent the law allows.

22. This Order is not binding on the Court or Court personnel. The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

APPROVED AND SO ORDERED.

DATED: 5/27/2015

*Alicia G. Rosenberg*
Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A
## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated _____, 2015 in the action entitled *Estate of Merlin Factor, et al., v. County of San Bernardino, et al.*, Case No. 5:14-cv-01289-DMG-AGR(x), which is currently pending in the United States District Court of California, Central District.

I am familiar with and agree to comply with and be bound by the provision of that Order, and I will not divulge to persons other than those specifically authorized by the Order, and will copy or use except solely for the purpose of this litigation, any Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only."

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____
(Signature)